CASE NO. 2013003453-384-1

83,190-01,02

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 12 2015

Abel Acosta, Clerk

EX PARTE MARRUFO

GENERAL TRAVERSE (REPLY)

THE PAROLE PANEL DENIED THE APPLICANTS RIGHT TO PROCEDURAL DUE PROCESS BY HOLDING PAROLE & MANDATORY SUPEVISION HEARINGS WITHOUT NOTICE EX PARTE RETZLAFF, 135 S.W.3d 45

THE APPLICANT HAS A PROCEDURAL DUE PROCESS RIGHT TO FAIR NOTICE OF THE EXACT DATE & TIME OF THE HEARING. IN THIS CASE... THE PAROLE PANEL DENIED HIM THAT RIGHT. SEE ATTACHED EXHIBIT A, (THE MEMORANDUM OF LAW THAT WAS ATTACHED TO THE APPLICATION FOR WRIT OF HABEAS CORPUS).

THE NOTICES THE APPLICANT RECEIVED IS, FROM A CONSTITUTIONAL DUE PROCESS STANDPOINT, THE SAME AS NO NOTICE AT ALL! SEE EXHIBITS A, B, & C ATTACHED TO MEMO-

PAGE 1 OF 5

RANDUMS OF LAW THAT WERE ATTACHED TO BOTH APPLICATIONS, ( 20130D03453-384-1 & 2012 0D02295 -384 -1 ).

THE APPLICANT WAS DE-NIED A MEANINGFUL OPPORTUNI-TY TO BE HEARD AND HAS SHOWN THAT WITH DOCUMENTATION, ( NOTICES WERE SIGNED ON THE SAME DAYS THAT THE HEARINGS TOOK PLACE ), AND THE APPLICANT IS ENTITLED TO RELIEF ON A GEIKEN LACK OF NOTICE CLAIM. EX PARTE GEIKEN 28 S.W. 3d 553

THE APPLICANT WAS DE-NIED DUE PROCESS BECAUSE HE WAS NOT GIVEN AN OPPORTUNITY TO BE HEARD & WAS NOT GIVEN AN EXACT OR PROCISE REASON WHY HE WAS DE-NIED MANDATORY SUPERVISION.— GREENHOLTZ V. INMATES OF THE NEBRASKA PENAL & CORRECTIONAL COMPLEX, 442 U.S. 1

THIS COURT WAS VERY CLEAR IN GEIKEN, 28 S.W. 3d @ 560 NOTING THAT " THE OPTION OF PROVIDING THE BOARD WITH INFORMATION SUP-PORTIVE OF RELEASE IS OF LITTLE

PRACTICAL USE IF THE INMATE IS UNAWARE THAT SUCH A REVIEW WILL BE TAKING PLACE".

IN EX PARTE SHOOK, 59 S.W.3d 174, 175, THIS COURT REITERATED PRIOR HOLDING THAT CONSTITUTIONAL DUE PROCESS REQUIRES THE BOARD TO GIVE INMATES TIMELY ADVANCE NOTICE OF THEIR REVIEW FOR RELEASE ON MANDATORY SUPERVISION.

THE APPLICANT WAS DENIED MANDATORY SUPERVISION WITH OUT A CHANCE TO PRESENT HIS CERTIFICATES FOR PERFECT ATTENDANCE, AND HIS CERTIFICATES FOR DRUG EDUCATION 3 CHANGES II ( C.C.A. HAS NOT PROVIDED THE APPLICANT WITH THESE CERTIFICATES EVEN THOUGH HE FINISHED THESE CLASSES ALMOST THREE WEEKS AGO.) THIS PROCESS IS UNCONSTITUTIONAL AS APPLIED TO THE APPLICANT, 5th 3 14th AMENDMENTS, U.S. CONSTITUTION

FURTHERMORE, THE APPLICANTS RIGHTS WAS VIOLATED BY A PROCESS THAT IS UNCONSTITUTIONAL BECAUSE IT ALLOWED MORE REASONS ( PARAGRAPHS

1D & 2D) THAN 'STATUTORILY' ALLOWED)! UNDER THE CURRENT PROVISION, AN INMATE WHO IS ELIGIBLE FOR RELEASE ON MANDATORY SUPERVISION WILL BE RELEASED UNLESS THE PAROLE BOARD MAKES THESE TWO SPECIFIC FINDINGS. EX PARTE RETZLAFF, 135 S.W. 3d 49

TO ALLOW PARAGRAPHS 1D & 2D TO BE USED AGAIN IN DENYING THE APPLICANTS RELEASE ON MANDATORY SUPERVISION IS CREATING AN UNCONSTITUTIONAL PROCESS, WHICH IS UNCONSTITUTIONAL AS APPLIED TO THE APPLICANT IN THIS CASE.

THE NOTICES WERE NOT GIVEN PRIOR THE APPLICANTS HEARINGS WHICH ARE AMBIGUOUS, VAGUE, & DEFECTIVE, AND VIOLATED THE APPLICANTS RIGHTS TO DUE PROCESS UNDER THE FIFTH & FOURTEENTH AMENDMENTS. IN THIS CASE. ( ALSO NO. 20120D02295-384-1 ).

THE DECISION NOTICES THE APPLICANT RECEIVED DENYING HIS PAROLE & MANDATORY SUPER-

VISION ARE UNCON-
STITUTIONALLY VAGUE & AMBIG-
UOUS, AND DOES NOT LET THE AP-
PLICANT KNOW WHERE HE FALLS
SHORT OF QUALIFYING FOR RE-
LEASE. THIS IS ALSO UNCONSTI-
TUTIONAL AS APPLIED TO THE APPLI-
CANT

THE APPLICANT ONCE AGAIN
ARGUES & STRONGLY CONTENDS THAT
THE PROCESS USED TO DENY HIM
RELEASE TO MANDATORY SUPERVI-
SION IS UNCONSTITUTIONAL AS IT
IS APPLIED TO HIM IN THIS CASE.

THE APPLICANT BELIEVES
IN GOOD & SINCERE FAITH THAT HE
IS ENTITLED TO RELIEF PURSUANT
TO EX PARTE RETZLAFF, GEIKEN,
& SHOOK AND THE PRECEDENTS SET
BY THIS COURT IN THOSE CASES.

THE APPLICANT HUMBLY
PRAYS FOR RELIEF THAT HE SEEKS
IN HIS APPLICATIONS FOR WRIT OF
HABEAS CORPUS.

RESPECTFULLY SUBMITTED,

4. 29. 15                          CESAR MARRUFO
DATE                              CESAR MARRUFO
                                  T.D.C.J. #1953108
PAGE 5 OF 5

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

IN SUPPORT OF

APPLICATION FOR A WRIT OF HABEAS CORPUS
C.C.P. ART. 11.07

\* MEMORANDUM OF LAW

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, CESAR MARRU-FO, APPLICANT IN THE ABOVE NUMBERED & STYLED CAUSE FROM CONSTITUTIONAL VIOLATIONS & ILLEGAL RESTRAINT AND WOULD SHOW THE COURT AS FOLLOWS:

## I.

THE APPLICANT WAS DENIED DUE PROCESS & PROCEDURAL DUE PROCESS, AND MANDATORY SUPERVISION RELEASE...

ART. 11.07 - WRIT IS THE PROPER VEHICLE FOR PRESENTING APPLICANTS CLAIMS TO THIS COURT. EX PARTE WHITESIDE, 12 S.W.3d 819, 822

ON DEC. 4th, 2014, THE APPLICANT WAS DENIED PAROLE & GIVEN A 'SERVE-ALL', WHICH ALSO STATES... "YOU - WILL BE RELEASED ON YOUR PROJECTED RELEASE DATE TO MANDA -

PAGE 1

TORY SUPERVISION OF THE PAROLE DIVISION" ( SEE EXHIBIT B )

THE APPLICANT CONCEDES THAT PAROLE IS A PRIVILEDGE ? NOT A RIGHT!

... BUT THE NOTICE TO DENY PAROLE GIVES THE APPLICANT THE EXPECTION OF RELEASE BY STATING SO ? BY RELEVANT STATUTES. V.T.C.A... GOV'T CODE $ 508.147 (A)

... A PAROLE PANEL "SHALL" ORDER THE RELEASE OF AN INMATE TO MANDATORY SUPERVISION WHEN HIS CALEDAR TIME PLUS ANY ACCRUED GOOD TIME EQUAL HIS SENTENCE.

THE APPLICANT WAS DENIED PROCEDURAL DUE PROCESS BECAUSE HE WAS NOT GIVEN A TIMELY-ADVANCE NOTICE.

THE TEXAS BOARD OF PARDONS ? PAROLES MUST PROVIDE AN INMATE WITH TIMELY ADVANCE NOTICE THAT HE WILL BE CONSIDERED FOR MANDATORY SUPERVISION RELEASE PRIOR TO THAT REVIEW TAKING PLACE. THIS WILL PROVIDE ELIGIBLE INMATES WITH THE WARNING THAT IS NECESSARY TO ALLOW THEM TO SUBMIT ANY ? ALL RELEVANT INFORMATION FOR THE BOARD TO CONSIDER...

<u>U.S.C.A. CONST. AMEND. 14;
V.T.C.A. §§ 508.147(A); EX PARTE
GEIKEN, 28 S.W. 3d. 553</u>

THE NOTICE THE APPLICANT RECEIVED ON DEC. 4th, 2014, WAS UN-CONSTITUTIONALLY VAGUE BECAUSE IT DOES NOT LET THE APPLICANT KNOW IN WHAT RESPECTS HE FALLS SHORT OF QUALIFING FOR MANDATORY SUPER-VISION...

BLACK'S LAW DICTIONARY:

VAGUE: SO UNCLEAR ¿ INDEFINITE AS NOT TO GIVE A PERSON OF ORDINARY INTELLIGENT THE OPPORTUNITY TO... KNOW WHAT IS PROHIBITED, RESTRI-CTED, OR REQUIRED!

THE NOTICE IMPLIES HE WILL BE RELEASED ON HIS PROJECTED RELEASE DATE WHICH WAS HIS MINI MUM EXPIRATION DATE OF APRIL 29th 2015,

THEN THE APPLICANT WAS... 'BROUGHT BACK UP' FOR REVIEW WHET-HER TO RELEASE APPLICANT TO MANDA-TORY SUPERVISION... OR NOT!
IF THE BOARD OF PARDONS ¿ PAROLES HOLDS A HEARING ON A DATE

EARLIER THAN THE SPECIFIC DATE THE INMATE HAS BEEN NOTIFIED THAT THE HEARING WILL TAKE PLACE, THEN THE INMATE HAS BEEN... MISLED BY THE NOTICE, (RECEIVED ON DEC. 4th, 2014), AND DENIED THE FULL OPPORTUNITY HE WAS TOLD HE WOULD HAVE IN ORDER TO SUBMIT RELEVANT INFORMATION TO THE BOARD. V.T.C.A. GOV'T CODE § 508.149(B); IN RE SHOOK, 59 S.W. 3d 174

THEN ON JANUARY 6th, 2015, THE PAROLE PANEL DENIED THE APPLICANTS RIGHT TO PROCEDURAL DUE PROCESS BY HOLDING A HEARING WITH OUT NOTICE.

THIS CUTS SHORT THE TIME IT HAD INFORMED HIM HE WOULD HAVE TO SUBMIT INFORMATION RELEVANT TO THE BOARDS CONSIDERATION, AND THUS DENIED THE APPLICANT A MEANINGFUL OPPORTUNITY TO BE HEARD, IN VIOLATION OF DUE PROCESS. IN RE SHOOK, EX PARTE RETZLAFF, 135 S.W. 3d 45; V.T.C.A. GOV'T CODE § 508.149(B); 14th AMENDMENT, U.S. CONSTITUTION

DUE PROCESS REQUIRES... TIMELY ADVANCE NOTICE $ A MEANINGFUL OPPORTUNITY TO BE HEARD. LACHANCE V. ERICKSON, 522 U.S. 262, 266

THE ONLY NOTICE THE APPLICANT RECEIVED FOR THE HEARING THAT TOOK PLACE ON JAN. 6th, 2015, WAS AN ADMINISTRATIVE LAY-IN THE NIGHT BEFORE! THIS NOTICE IS, FROM A CONSTITUTIONAL DUE PROCESS STANDPOINT, THE SAME AS NO NOTICE AT ALL. EX PARTE RETZLAFF, 135 S.W. 3d 45; 14th AMEND., U.S. CONSTITUTION

THE APPLICANT HAD A PROCEDURAL DUE PROCESS RIGHT TO FAIR NOTICE OF THE EXACT DATE AND TIME OF THE HEARING. EX PARTE RETZLAFF; EX PARTE EVANS, 338 S.W. 3d 545

DUE PROCESS REQUIRED BOARD TO PROVIDE TIMELY NOTICE THAT INMATE (APPLICANT) WOULD BE CONSIDERED FOR MANDATORY SUPERVISION RELEASE PRIOR TO THAT REVIEW TAKING PLACE! EX PARTE GIEKEN, 28 S.W. 3d 553

ALSO SEE GEIKEN, 28 S.W. 3d @ 560 ( NOTING THAT "THE OPTION OF PROVIDING THE BOARD WITH INFORMATION SUPPORTIVE OF RELEASE IS OF LITTLE PRACTICAL USE IF THE INMATE IS UNAWARE THAT SUCH A REVIEW WILL BE TAKING PLACE")

FURTHER SEE EX PARTE SHOOK, 59 S.W. 3d 174, 175, (REITERATING PRIOR HOLDING THAT CONSTITUTIONAL DUE PROCESS REQUIRES BOARD TO GIVE INMATES

PAGE 5

TIMELY ADVANCE NOTICE OF
THEIR REVIEW FOR RELEASE ON MAND-
ATORY SUPERVISION).

II.

THE (2) NOTICES THE APPLI-
CANT RECEIVED ON DECEMBER 4th, 2014,
AND MARCH 11th, 2015, ARE UNCONST-
ITUTIONALLY VAGUE & DOES NOT IN-
FORM THE APPLICANT OF WHAT RE-
SPECTS HE FALLS SHORT OF TO QUALI-
FY FOR MANDATORY SUPERVISION BY
CONTAININS SO MANY COMPONENTS
THAT HE HAS TO GUESS AT WHAT IS
REQUIRED OF HIM ? GREENHOLTZ
V. INMATES OF THE NEBRASKA PENAL
AND CORRECTION COMPLEX ET AL.,
442 U.S. 1

VAGUENESS RAISES DUE
PROCESS CONCERNS IF LEGISLATION
DOES NOT PROVIDE FAIR NOTICE OF
WHAT IS REQUIRED, RESTRICTED,
OR PROHIBITED, BECAUSE ENFORCE-
MENT MAY BECOME ARBITRARY. 5th &
14th AMENDMENTS, U.S. CONSTITUTION

THE NOTICE (& SUBSEQUENT
REVIEW ON JANUARY 6th, 2015 ) THAT
THE APPLICANT RECEIVED ON JANUARY
5th, 2015, WAS AN ADMINISTRATIVE

PAGE 6

LAY-IN. THE APPLICANT IS ENTITLED TO A "SPEEDY & EFFECTUAL" HABEAS REMEDY. CRIMINAL CODE OF PROCEDURES, ARTICLE 11.07; EX PARTE RETZLAFF, 135 S.W. 3d 45; EX PARTE GEIKEN, 28 S.W. 3d 553; AND IN RE SHOOK, 59 S.W. 174, 5th AND 14th AMEND., U.S. CONSTITUTION

BECAUSE THE NOTICES THE APPLICANT HAS RECEIVED ARE UNCONSTITUTIONAL OF THEIR FACE & AS APPLIED TO THE APPLICANT ...

THE NOTICES ARE SO VAGUE, AMBIGUOUS, & DEFECTIVE THAT IT HARMS THE APPLICANT BECAUSE IT DOES NOT GIVE HIM THE OPPORTUNITY TO PROVIDE WRITTEN INPUT, MARSHALL EVIDENCE OF HIS CUSTODIAL BEHAVIOR, CLARIFY ADVERSE MATERIALS IN HIS FILE, PROVIDE LETTERS, REFERENCES, AND INFORMATION CONCERNING POSSIBLE EMPLOYMENT OR HOUSING, TO BE EFFECTIVE, THESE NOTICES MUST BE GIVEN SUFFICIENTLY IN ADVANCE OF THE MANDATORY SUPERVISION RELEASE REVIEW DATE TO ALLOW THE INMATE TO PREPARE & SUBMIT ANY SUCH INFORMATION. IN RE SHOOK, 59 S.W. 3d 174, 175; GREENHOLTZ V. INMATES OF THE NEBRASKA PENAL AND ...

THE APPLICANT IS HARMED EVEN FURTHER BY THE UNCONSTITUTIONALLY VAGUES NOTICE(S) BECAUSE HE DOESN'T KNOW "WHAT TO FIX" IN ORDER TO QUALIFY FOR RELEASE, OR ..." TO SHOW THAT HIS ACCRUED — GOOD TIME IS AN ACCURATE REFLECTION OF HIS POTENTIAL FOR REHABILITATION "

THE APPLICANT IS CURRENTLY TAKING THE CHANGES II CLASS, BUT DOES NOT KNOW WHAT ELSE TO DO TO SATIFY THE PAROLE PANEL W/O AN ACCURATE & DETAILED NOTICE

*AN ANALOGY BY THE APPLICANT WOULD BE THIS!

IF THE APPLICANTS CAR WAS TO QUIT RUNNING & HE TOOK IT TO A MECHANIC & TOLD THE MECHANIC TO LET THE APPLICANT KNOW WHAT WAS WRONG WITH IT SO HE COULD BUY THE PART & FIX IT ...
THE APPLICANT SHOWS UP THE NEXT DAY & ASKS THE MECHANIC WHAT WAS WRONG WITH IT? THEN ... THE MECHANIC STATES ... WELL, IT

MIGHT BE THE STARTER, OR THE RELAY OR THE BATTERY OR A FUSE OR THE WIRING OR THE IGNITION OR THE FUEL PUMP OR THE FUEL FILTER.... HOW CAN YOU FIX (REHABILITATE) THIS CAR WITH A 'NOTICE' LIKE THAT FROM THE MECHANIC?

THIS ANALOGY HAS 7 "ORS" & 8 COMPONENTS. WOULD IT NOT BE VAGUE TO A PERSON OF ORDINARY INTELLIGENCE?

## III.

THE APPLICANT BELIEVES IN GOOD FAITH THAT HIS REVIEW FOR MANDATORY SUPERVISION RELEASE WAS DONE BY AN ILLEGAL PROCESS & THAT THE APPLICANTS CONSTITUTIONAL RIGHTS TO DUE PROCESS, PROCEDURAL DUE PROCESS, & A PROTECTED LIBERTY INTEREST WAS VIOLATED & THE APPLICANT WAS HARMED BY NOT BEING RELEASED!

THE APPLICANT STRONGLY CONTENDS 901 & 902, (SEE EXHIBIT A), ARE THE ONLY (2) SPECIFIC FINDINGS ALLOWED BY LAW TO DENY THE APPLICANTS RELEASE TO ...

PAGE 9

MANDATORY SUPERVISION.
PARAGRAPHS 1D & 2D ARE BEING ~
ILLEGALLY USED IN THE REVIEW PRO-
CESS AND IS UNCONSTITUTIONAL AS
APPLIED TO THE APPLICANT!

THE PROCEDURES USED
BY THE BOARD ARE SUBJECT TO REVIEW
EX PARTE GEIKEN, 28 S.W. 3d;

THE DUE PROCESS GOAL
IN ANY PAROLE BOARD REVIEW IS TO
"MINIMIZE THE RISK OF ERRONEO-
US DECISIONS". THUS, "THE QUAN-
TUM & QUALITY OF THE PROCESS DUE
IN A PARTICULAR SITUATION DEPEND
UPON THE NEED TO SERVE THE PUR-
POSE OF MINIMIZING THE RISK OF
ERROR" GREENHOUZ V. INMATES OF
THE NEBRASKA PENAL & CORRECTION
COMPLEX ET AL; 5th & 14th AMENDS.
U.S. CONSTITUTION

THEREFORE, PARAGRAPHS
1D & 2D WERE ILLEGALLY USED IN THE
REVIEW PROCESS TO DENY THE APPLI-
CANT'S VESTED, STATORILY-ENTITLED
RELEASE TO MANDATORY SUPERVISION
(SEE EXHIBIT A, EX PARTE RETZ-
LAFF, 135 S.W. 3d 45, TEX. GOV'T CODE
§ 508.147 (A)

IV.
THE APPLICANTS CONSTITU-

PAGE 10

-TIONAL RIGHT WERE VIO-LATED BY ALL THE CLAIMS MENTIONED IN GROUNDS 1, 2, 3, ₹ 6 — THE APPLICANT NEVER RECEIVED A TIMELY ADVANCE NOTICE ON HIS REVIEWS ₹ HEARINGS, THE NOTICES DENYING HIS PAROLE ₹ MANDATORY SUPERVISION WERE AMBIGUOUS, VAGUE ₹ DEFECTIVE, THEN THE PROCESS USED TO DENY THE APPLICANTS RELEASE TO MANDATORY SUPERVISION WAS ILLEG-AL ₹ CONSTITUTES ILLEGAL RESTRAINT BY THE TX. DEPT. OF CRIM. JUSTICE.

THE APPLICANT WAS NOT GIVING A FAIR HEARING OR A MEAN-INGFUL OPPORTUNITY TO BE HEARD. FROM A CONSTITUTIONAL STAND POINT THE NOTICES THE APPLICANT RECEIVED WAS THE SAME AS NO NOTICE(S) AT ALL. THE APPLICANT WAS DENIED THE OP-PORTUNITY TO PRESENT UP-TO-DATE INFORMATION. THE APPLICANT WAS MISLED ₹ HARMED BY THE AMBIG-UOUS ₹ VAGUE NOTICES HE RECEIVED 5th ₹ 14th AMENDMENTS; U.S. CONST-ITUTION

V.

GROUND FIVE IS A CONSTI-TUTIONAL CHALLENGE TO THE PROCE-DURES ₹ POLICIES USED BY THE TEXAS

BOARD OF PARDONS & PAROLES. THE PROCEDURES USED BY THE PAROLE PANEL TO DENY THE APPLICANT'S RELEASE TO MANDATORY SUPERVISION DENY HIM OF A TIMELY NOTICE AND A MEANINGFUL OPPORTUNITY TO BE HEARD. DUE PROCESS REQUIRES A NOTICE & A MEANINGFUL OPPORTUNITY TO BE HEARD. EX PARTE GEIKEN, 28 S.W. 3d 553 ; IN RE SHOOK, 59 S.W. 3d ; LACHANCE V. ERICKSON, 552 U.S. 262, 266 ; 5th & 14th AMENDMENTS, U.S. CONSTITUTION

## VI.

THE APPLICANT STRONGLY CONTENDS THAT HE IS BEING ILLEGALLY RESTRAINED OF HIS LIBERTY, AND HIS INCARCERATION IS UNCONSTITUTIONAL. 508.147(A) - STATES A PAROLE PANEL "SHALL" ORDER THE RELEASE OF AN INMATE TO MANDATORY SUPERVISION WHEN CALENDAR TIME PLUS ANY ACCRUED GOOD CONDUCT TIME EQUAL THE TERM OF HIS SENTENCE.

THE MANDATORY LANGUAGE OF THE STATUTE DOES CREATE A LIBERTY INTEREST IN MANDATORY SUPERVISION RELEASE. GREENHOLTZ V. INMATES

OF THE NEBRASKA PENAL & CORRECTION COMPLEX ET AL; BOARD OF PARDONS V. ALLEN, 482 U.S. 369, 377-378

STATUTE PROVIDING THAT INMATE "SHALL" BE RELEASED TO MANDATORY SUPERVISION CREATED DUE PROCESS LIBERTY INTEREST IN EX PARTE GEEKEN, 28 S.W. 3d 553

WITHOUT A PAROLE PANELS (2) STATUTORY FINDING'S, MADE ONLY AFTER TIMELY DUE PROCESS. NOTICE TO THE INMATE GIVING HIM AN OPPORTUNITY TO SUBMIT MATERIALS, THE TEXAS DEPT. OF CRIMINAL JUSTICE - CID MUST RELEASE AN ELIGIBLE INMATE TO MANDATORY SUPERVISION. EX PARTE RETZLAFF, 135 S.W. 3d 45

SINCE THE APPLICANT NEVER RECEIVED A TIMELY DUE PROCESS NOTICE, (SEE EXHIBITS A, B, & C), GIVING HIM AN OPPORTUNITY TO SUBMIT MATERIALS, HIS RELEASE WAS UNCONSTITUTIONALLY DENIED & HIS INCARCERATION IS ILLEGAL.

THE APPLICANT SUFFERS GREAT HARM BY THE PROCEDURES USED TO DENY HIS RELEASE. THE PAROLE PANEL USED THE SAME (2) PARA-

PAGE 13

GRAPHS ON THE LAST NO-TICE, ( DATED DEC. 4th, 2014 & ~~JAN. 6th,~~ ✱ ~~2015~~ ), TO DENY HIM RELEASE ON THE 'CURRENT' NOTICE (EXHIBIT A) ~ PARAGRAPHS 1D & 2D BECAUSE THE NOTICES ARE UNCONSTITUTION-ALLY VAGUE SO THE APPLICANT DOES NOT KNOW HOW TO QUALIFY FOR RE-LEASE? THE PAROLE PANEL WILL CONTINUE TO USE THE SAME PARA-GRAPHS UNTIL THE PANEL SPECIFIC-ALLY TELLS THE APPLICANT WHAT HE NEEDS TO 'FIX'!

MOREOVER, THE APPLI-CANT CONTINUES TO PUT FORTH THAT PARAGRAPHS 1D & 2D ARE BEING ILLEGALLY USED IN THE MANDATORY SUPERVISION REVIEW PROCESS & IS CAUSING THE APPLICANT TO BE ILLEGALLY RESTRAINED OF HIS LIB-ERTY!

WHY DOES PARAGRAPHS 9D.1 & 9D.2 HAVE ONLY (1) COMPO-NENT WHICH IS VERY SPECIFIC & PARAGRAPHS 1D & 2D HAVE 13 ~ "ORS" & 15 COMPONENTS TOGETHER AND ARE REPEATEDLY USED TO DE-NY RELEASE?

THESE PROCEDURES & NOTICES ARE VAGUE & EXTREME-LY UNCONSTITUTIONAL TO THE AP-

✱ MARCH 11th, 2015          PAGE 14

PLICANT WHICH ARE SUB-
JECT TO JUDICIAL REVIEW, AND THE
APPLICANT WOULD LIKE TO MOUNT
A DUE PROCESS CHALLENGE TO THE
PROCEDURES USED BY THE BOARD!
EX PARTE GEIKEN, 28 S.W. 3d 553;
EX PARTE SHOOK, 59 S.W. 3d 174; 5th &
14th AMENDMENTS, U.S.
CONSTITUTION

UNDER THE CURRENT STA-
TUTES, AN INMATE IS ENTITLED TO
RELEASE WHEN HIS FLAT TIME & HIS
GOOD TIME EQUAL HIS SENTENCE. AN
ELIGIBLE INMATE HAS A VESTED, STA-
TORY ENTITLEMENT TO RELEASE ON
MANDATORY SUPERVISION. WITHOUT
A PAROLE PANELS (2) STATUTORY FIN-
DINGS, MADE **ONLY** AFTER TIMELY
DUE PROCESS NOTICE TO THE INMATE
GIVING HIM AN OPPORTUNITY TO SUB-
MIT MATERIALS, THE TEXAS DEPART-
MENT OF CRIMINAL JUSTICE - CID
MUST RELEASE AN ELIGIBLE INMATE
TO MANDATORY SUPERVISION!"

RESPECTFULLY SUBMITTED,

4-29-15
DATE

CESAR MARTUFU
APPLICANT

PAGE 15

*EXHIBIT A*

NAME: MARRUFO, CESAR
SID NUMBER: 07757299            TDCJ-ID NUMBER: 01953108
TDCJ-ID UNIT OF ASSIGNMENT: LINDSEY SJ
HOUSING ASSIGNMENT: DORM G-1        BED: 144

SUBJECT: Decision Not to Grant Mandatory Supervision - DMS

     After a review of your case, the Board of Pardons and Paroles
decision is not to grant you Mandatory Release and has marked your case
as a Denied Mandatory Supervision.  Your next review date has been set
for 03/2016.

     You have been denied Mandatory Supervision Release for the
reason(s) listed below:
One or more components indicated in each paragraph listed below may
apply, but only one is required.
1D.    THE RECORD INDICATES THAT THE INMATE HAS REPEATEDLY COMMITTED
     CRIMINAL EPISODES OR HAS A PATTERN OF SIMILAR OFFENSES THAT
     INDICATES A PREDISPOSITION TO COMMIT CRIMINAL ACTS WHEN RELEASED;
     OR THE RECORD INDICATES THAT THE INMATE IS A LEADER OR ACTIVE
     PARTICIPANT IN GANG OR ORGANIZED CRIMINAL ACTIVITY; OR THE RECORD
     INDICATES A JUVENILE OR AN ADULT ARREST OR INVESTIGATION FOR
     FELONY AND MISDEMEANOR OFFENSES.
2D.    THE RECORD INDICATES THAT THE INMATE COMMITTED ONE OR MORE
     VIOLENT CRIMINAL ACTS INDICATING A CONSCIOUS DISREGARD FOR THE
     LIVES, SAFETY, OR PROPERTY OF OTHERS; OR THE INSTANT OFFENSE OR
     PATTERN OF CRIMINAL ACTIVITY HAS ELEMENTS OF BRUTALITY, VIOLENCE,
     OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY SUCH THAT THE
     INMATE POSES A CONTINUING THREAT TO PUBLIC SAFETY; OR THE RECORD
     INDICATES USE OF A WEAPON.
9D1. THE RECORD INDICATES THAT THE INMATE'S ACCRUED GOOD CONDUCT TIME
     IS NOT AN ACCURATE REFLECTION OF THE INMATE'S POTENTIAL FOR
     REHABILITATION.
9D2. THE RECORD INDICATES THAT THE INMATE'S RELEASE WOULD ENDANGER THE
     PUBLIC.

     The Institutional Division will monitor your treatment plan progress
and will report your progress to the Board of Pardons and Paroles.

     Should you have any questions regarding this notice you are to
contact your unit Institutional Parole Office.

*13 "ORS" ; 17 COMPONENTS IN THIS
NOTICE MAKES IT UNCONSTITUTIONALLY
VAGUE ; EXTREMELY AMBIGUOUS...*

This Notice of the Parole Panel Action is your written detailed
statement as required by Texas Government Code SECTION 508.1411.
DMS
CC: INMATE - TDCJ-ID
            CC: INMATE-TDCJ-ID
            CLASSIFICATION AND RECORDS

*9D1 ; 9D2 ARE THE ONLY (2) STATUTORY
FINDINGS ALLOWED BY LAW TO DETERMINE...
WHETHER TO GRANT OR DENY MANDATORY
SUPERVISION. 1D ; 2D ARE BEING IL-
LEGALLY!! IN THE REVIEW PROCESS!*

STATE OF TEXAS                    12/04/2014
                           BOARD OF PARDONS AND PAROLES          PAGE     1

                         NOTICE OF PAROLE PANEL DECISION         *EXHIBIT B*

NAME: MARRUFO,CESAR
SID NUMBER: 07757299                          TDCJ-ID NUMBER: 01953108
TDCJ-ID UNIT OF ASSIGNMENT: LINDSEY SJ
HOUSING ASSIGNMENT: DORM G-1                   BED: 144

SUBJECT: Decision Not to Grant Parole - SERVE ALL

     After a review of your case, the Board of Pardons and Paroles
decision is not to grant you parole and has marked your case as a
SERVE-ALL.

     You have been denied parole for the reason(s) listed below:
One or more components indicated in each paragraph listed below may
apply, but only one is required.
1D.  THE RECORD INDICATES THAT THE INMATE HAS REPEATEDLY COMMITTED
     CRIMINAL EPISODES OR HAS A PATTERN OF SIMILAR OFFENSES THAT
     INDICATES A PREDISPOSITION TO COMMIT CRIMINAL ACTS WHEN RELEASED;
     OR THE RECORD INDICATES THAT THE INMATE IS A LEADER OR ACTIVE
     PARTICIPANT IN GANG OR ORGANIZED CRIMINAL ACTIVITY; OR THE RECORD
     INDICATES A JUVENILE OR AN ADULT ARREST OR INVESTIGATION FOR
     FELONY AND MISDEMEANOR OFFENSES.
2D.  THE RECORD INDICATES THAT THE INMATE COMMITTED ONE OR MORE
     VIOLENT CRIMINAL ACTS INDICATING A CONSCIOUS DISREGARD FOR THE
     LIVES, SAFETY, OR PROPERTY OF OTHERS; OR THE INSTANT OFFENSE OR
     PATTERN OF CRIMINAL ACTIVITY HAS ELEMENTS OF BRUTALITY, VIOLENCE,
     OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY SUCH THAT THE
     INMATE POSES A CONTINUING THREAT TO PUBLIC SAFETY; OR THE RECORD
     INDICATES USE OF A WEAPON.

     If all your convictions have offense dates prior to 09/01/1996
and you are eligible for Mandatory Supervision, you will not receive
further parole reviews and will be released on your projected release
date to Mandatory Supervision of the Parole Division.

     If you have a conviction with an offense date after 08/31/1996
and you are eligible for Mandatory Supervision, the Board of Pardons
and Paroles will review your case when you are within six (6) months
of your projected release date to determine if you are to be released.
You will be notified of the Board's decision to either:

     grant your release on Mandatory Supervision (RMS) and allow your
     release on your projected release date
OR
     deny Mandatory Supervision (DMS) and assign you a next review (NR)
     date.

     If released on Mandatory Supervision, you will be required to
comply with the following special conditions of mandatory release:
     NONE

     Should you have any questions regarding this notice you are to
contact your unit Institutional Parole Office.

CONTINUED ON NEXT PAGE

*13 "ORS" ₹ 15 DIFFERENT
COMPONENTS MAKES THIS NOTICE UN-
CONSTITUTIONALLY VAGUE ₹ AMBIGUOUS*

NOTICE OF PAROLE PANEL DECISION

NAME: MARRUFO,CESAR
SID NUMBER: 07757299                 TDCJ-ID NUMBER: 01953108
TDCJ-ID UNIT OF ASSIGNMENT: LINDSEY SJ
HOUSING ASSIGNMENT: DORM G-1          BED: 144

*THIS NOTICE DOES NOT INFORM THE APPLICANT OF HIS PROJECTED RELEASE DATE! WHICH MAKES THIS NOTICE DEFECTIVE.*

*THIS NOTICE DOES NOT GIVE THE APPLICANT A TIMELY ADVANCE DUE PROCESS NOTICE OF HIS M.S. REVIEW DATE, AND IS VAGUE & AMBIGUOUS AND UNCONSTITUTIONAL TO THE APPLICANT...*

This Notice of the Parole Panel Action is your written detailed
statement as required by Texas Government Code SECTION 508.1411.
SERVE-ALL
CC: INMATE - TDCJ-ID

NOTICE OF INITIAL DISCRETIONARY MANDATORY REVIEW    *EXHIBIT C*

NAME: MARRUFO,CESAR
SID NUMBER: 07757299                    TDCJ-ID NUMBER: 01953108
TDCJ-ID UNIT OF ASSIGNMENT: LINDSEY SJ
HOUSING ASSIGNMENT: DORM G-1            BED: 144

SUBJECT: HB 1433 Initial Discretionary Mandatory Supervision Review

     Records indicate you have a conviction with an offense date after
08/31/96 and you are eligible for Mandatory Supervision; however, your
release to Mandatory Supervision will not occur if the Board of Pardons
and Paroles determines that your accrued good conduct time is not an
accurate reflection of your potential for rehabilitation and your
release will endanger the public.  (See Texas Government Code Section
508.149(b)).  This determination is independent of any parole review
decisions and will occur prior to your Projected Release Date as
determined by TDCJ CID Classification and Records.  Records currently
reflect your Projected Release Date as 04/29/2015.

     If you wish to submit any additional information to the Board, you
must do so in writing and deliver it to your unit Institutional Parole
Office within 30 days from the date you receive and/or sign this notice.
The Board will review your file and all available records after the 30
day period has expired and no earlier than 60 days before your
Projected Release Date to determine if you will be released.

     After the Discretionary Mandatory Supervision review is completed,
you will be notified of the Board's decision to either:

*  Grant your release on Mandatory Supervision (RMS)

OR

*  Deny Mandatory Supervision (DMS), and assign you a next review (NR)
   date for release consideration.

     Should you have any questions regarding this notice you are to
contact your unit Institutional Parole Office.




Offender signature *Cesar Marrufo*          Date *1-6-15*


Witness signature                           Date *1-6-15*  *1-6-2015*

30 DAYS FROM THE DATE YOU RECEIVED AND/OR SIGNED THIS NOTICE IS:


                                            *2-5-2015*
H.B. 1433 NOTICE
CC: INMATE - TDCJ-ID                        AD409: N
    TDCJ-PD INMATE FILE                     REG: N


*GIVEN NOTICE & HEARING ON THE
SAME DAY IS UNCONSTITUTIONAL AS
APPLIED TO THE APPLICANT...*